UNITED STATED DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| DAVID JUSTIN FREEMAN, )<br>)<br>  Plaintiff, )<br>v. )<br>  )<br>  )<br>OFFICER CASEY WAYNE )<br>LYALL, individually, )<br>OFFICER KEITH STREETMAN, )<br>individually, )<br>  )<br>  Defendants. ) | CIVIL ACTION |

## **COMPLAINT**

Plaintiff David Justin Freeman brings this complaint under 42 U.S.C. § 1983 against Defendants Casey Wayne Lyall and Keith Streetman, in their individual capacities.

## **PARTIES**

1. Plaintiff David Justin Freeman is a citizen and resident of Polk County, Georgia.

2. Defendant Officer Casey Wayne Lyall is a police officer employed by Polk County. At all times relevant to this complaint, Officer Lyall acted under the color of law.

1

3. Defendant Officer Keith Streetman is a police officer employed by Polk County. At all times relevant to this complaint, Officer Streetman acted under the color of law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this case presents a federal question. Upon service of process, this Court acquires personal jurisdiction over the Defendant under Fed. R. Civ. P. 4(k)(1)(a).

5. Venue is proper in the Rome Division of the Northern District of Georgia under 28 U.S.C. § 1391(b) because all actions complained of occurred within the boundaries of this district and Defendant resides within this district.

## STATEMENT OF FACTS

6. On May 22, 2018, Officer Lyall and Officer Streetman were conducting a traffic stop in the parking lot of a store.

7. During the traffic stop, while the Officers were out of their patrol cars, Plaintiff, while driving past the scene in his car loudly stated, "Fuck you, pigs."

8. When Plaintiff made this statement, he was traveling past the Officers and inside his car. He was separated from the Officers by one lane of traffic and some span of grassy median and parking lot.

9. As Plaintiff made that statement, he continued paying attention to driving, and did not violate any traffic law as he drove past the location of the traffic stop.

10. Plaintiff's statement did not interfere with the performance of the Officers' duties, or the completion of the traffic stop which they had previously initiated.

11. Based solely on Plaintiff's statement, Officers Lyall and Streetman got into their car and initiated a traffic stop on Plaintiff's car.

12. Plaintiff continued driving lawfully, and pulled over safely immediately after the Officers initiated the traffic stop.

13. After stopping Plaintiff's car, Officer Streetman asked Plaintiff why he was "hollering profanities" and whether Plaintiff had yelled "F- you pigs."

14. Officer Streetman then stated that he was charging Plaintiff with disorderly conduct and both Officers forcibly removed Plaintiff from his car.

15. Officers Streetman and Lyall then placed Plaintiff under arrest and charged him with disorderly conduct, reckless driving, and obstruction of a law enforcement officer.

16. As a result of his arrest, Plaintiff was jailed for approximately 48-hours.

17. As a result of Plaintiff's roadside detention and following arrest, he suffered loss of his liberty, reputational damage, humiliation, and emotional distress.

## COUNT I
*Violation of the Fourth Amendment
under 42 U.S.C. § 1983*

18. Plaintiff incorporates all previous allegations.

19. There was no probable cause to arrest Plaintiff for any of the crimes charged by the Officers, or for any other crime.

20. The law is clearly established that it does not constitute disorderly conduct to scream "Fuck you, pigs" at a police officer from a distance where doing so does not interfere with the officer's performance of his

official duties.

21. There was no reasonable articulable suspicion to initiate a traffic stop of Plaintiff.

## COUNT II
*Violation of the First Amendment
under 42 U.S.C. § 1983*

22. Plaintiff incorporates all previous factual allegations.

23. Plaintiff's statement directed at the Officers constituted political speech which is entitled to the highest protection under the First Amendment.

24. The Officers' roadside detention and arrest of Plaintiff were motivated entirely by Plaintiff's speech and there was no probable cause for Plaintiff's detention or arrest.

### *Request for Relief*

Plaintiff requests this Court:

a. Hold a trial by jury on all issues so triable;

b. Award nominal, compensatory, special, and punitive damages against Defendants in an amount to be proven at trial;

c. Award Plaintiff attorney's fees under 42 U.S.C. § 1988;

d. Grant any relief to which Plaintiff is entitled as a matter of law or

equity.

Respectfully submitted, this  22nd day of May, 2020.


**<u>Jeffrey R. Filipovits</u>**  
Georgia Bar No. 825553

Spears & Filipovits, LLC  
1126 Ponce de Leon Ave.  
Atlanta, GA 30306  
678.237.9302  
jeff@civil-rights.law

**<u>Gerald Weber</u>**  
Georgia Bar No. 744878

Law Offices of Gerry Weber, LLC  
P.O. Box 5391  
Atlanta, GA 31107  
Phone: (404) 522-0507  
wgerryweber@gmail.com